UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRA AUSTIN,
    Plaintiff,

**DEMAND FOR JURY TRIAL**

v.

LAW OFFICES OF MICHAEL R. STILLMAN, P.C.,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Electra Austin, through counsel, Credit Repair Lawyers of America, by Gary Nitzkin states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## PARTIES

2. Plaintiff is a natural person residing in City of Detroit, Wayne County, Michigan. Ms. Austin is a "consumer" and "person" as the terms are

defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

3. The Defendant to this lawsuit is the Law Offices of Michael R. Stillman, P.C., which is a Michigan corporation that maintains its registered offices in Oakland County, Michigan.

## VENUE

4. The transactions and occurrences which give rise to this action occurred in the City of Detroit, Wayne County, Michigan.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff to Medical Bill Resolutions in the amount of approximately $2,921.23 ("the alleged Debt"). The alleged Debt originated in 2011.

7. On January 23, 2017, Defendant filed a lawsuit for the alleged Debt against Ms. Austin in 36th District Court.

8. On or about February 26, 2017, Ms. Austin was served with the Summons and Complaint. This is the first communication Ms. Austin received from Defendant regarding the alleged Debt.

9. Ms. Austin received other communications from Defendant regarding the alleged Debt since she received the Summons and Complaint.

10. On May 5, 2017, Ms. Austin attended a pretrial conference where she asked for verification of the alleged Debt.

11. Defendant failed to provide Ms. Austin with a notice containing her rights under the FDCPA within the first five days of its initial communication with her including her 30 day notice validation rights, as required by the FDCPA.

12. Ms. Austin has suffered emotional and pecuniary damages as a result of Defendant's actions.

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

16. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692g(a)(1) by failing to send Ms. Austin a written notice containing the amount of the debt;

   b. 15 U.S.C. §1692g(a)(2) by failing to send Ms. Austin a written notice containing the name of the creditor to whom the debt is owed;

   c. 15 U.S.C. §1692g(a)(3) by failing to send Ms. Austin a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   d. 15 U.S.C. §1692g(a)(4) by failing to send Ms. Austin a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   e. 15 U.S.C. §1692g(a)(5) by failing to send Ms. Austin a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the

consumer with the name and address of the original creditor, if different from the current creditor.

18. Ms. Austin has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Ms. Austin is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

   a. M.C.L. § 339.918(1)(a) by failing to send Ms. Austin a written notice containing the amount of the debt;

   b. M.C.L. § 339.918(1)(b) by failing to send Ms. Austin a written notice containing the name of the creditor to whom the debt is owed;

   c. M.C.L. § 339.918(1)(c) by failing to send Ms. Austin a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt collector;

   d. M.C.L. § 339.918(1)(d) by failing to send Ms. Austin a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of such verification or judgment will be mailed to the consumer by the debt collector;

   e. M.C.L. § 339.918(1)(e) by failing to send Ms. Austin a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor; and

   f. M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

23. Ms. Austin has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at M.C.L. § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at M.C.L. § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

    a. M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Ms. Austin has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against Defendants:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury in this action.

Respectfully submitted,

Dated: July 7, 2017

/s/ Gary D. Nitzkin
GARY D. NITZKIN P41155
TRAVIS SHACKELFORD P68710
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com